UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-41966-399 |
| TRACY LYNN EVANS, | ) | Chapter 13 |
| JANJELA DAWN EVANS, | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| TRACY LYNN EVANS, and | ) | Adversary No. 15-4019-399 |
| JANJELA DAWN EVANS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| SPECIALIZED LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED ORDER RESOLVING ADVERSARY COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS, CLAIMS AND ENCUMBRANCES ON PROPERTY OF THE ESTATE

Upon Debtors' First Amended Complaint to Determine the Extent and Validity of Liens, Claims and Encumbrances on Property of the Estate ("the Complaint"), and a review of the record as a whole, the Court finds as follows:

1. This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §1334 and venue is proper pursuant to 28 U.S.C. § 1409(a).

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(K).

3. On March 3, 2010 ("the Petition Date"), Tracy Lynn Evans and Janjela Dawn Evans ("Debtors") filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code. John V. LaBarge, Jr. is the trustee appointed to serve in this case.

4. On the Petition Date, Debtors were the owners of the following real estate:

906 Valley Oaks Court, Wentzville, MO 63385 ("the Real Property"), having the following legal description:

**LOT 73 GREAT OAKS PLAT THREE, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 37 PAGES 137-138 OF THE ST. CHARLES COUNTY RECORDS.**

5. Specialized Loan Servicing, LLC ("Defendant") has evidence of value in the form of a Broker's Price Opinion that suggests that the value of the Real Property was $195,000.00 on the Petition Date.

6. Debtors executed a Note and Deed of Trust in favor of First Franklin, a division of National City Bank, or its predecessor in interest, with an approximate balance due of $204,671.56 on the Petition Date.

7. Defendant, or its predecessor in interest, is the holder of a Second Deed of Trust dated August 25, 2006, against the Real Property, with an approximate balance due of $46,529.06 on the Petition Date.

8. Pursuant to 11 U.S.C. §506(a): "An allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such claim." Pursuant to 11 U.S.C. §506(d): "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

9. Pursuant to 11 U.S.C. §506(d) and 11 U.S.C. §1322(b)(2), the rights of a holder of a claim secured by a lien on the debtor's residence is subject to modification if the value of the property subject to the lien is less than the sum of allowed amounts of senior liens thereon. The rights of such junior lienholders are subject to modification, including

treatment of their claims as general unsecured claims and the liens subject to removal upon granting of Chapter 13 discharge.

10. The Real Property, having a market value of no more than $195,000.00 and is subject to valid superior liens for claims in the total amount of $204,671.56; the claim of Defendant is not "secured" within the meaning of 11 U.S.C. §506(a), and Defendant's lien is subject to removal.

11. Specialized Loan Servicing, LLC, as servicing agent for holder, has authority to bind the Defendant to the terms of this agreed order.

**IT IS THEREFORE ORDERED** that the Complaint against Defendant is GRANTED; and

**IT IS FURTHER ORDERED** that the amount of Defendant's claim is not a secured claim and that claim shall be paid as an unsecured, non-priority claim; and

**IT IS FURTHER ORDERED** that upon successful completion of Debtors' Chapter 13 case, wherein Debtors' receive a discharge, that Defendant shall file a release of lien with the Recorder of Deeds in the County in which the Real Property is situated, or that the filing of this Order upon the issuance of a discharge shall constitute a release of the aforesaid liens and Deeds of Trust, if accompanied by an Order of Discharge entered in favor of Debtors in their Chapter 13 case pursuant to 11 U.S.C. §1328; and

**IT IS FURTHER ORDERED** that in the event that Debtors' Chapter 13 case is dismissed without a discharge or converted to a Chapter 7, then the claim shall be reinstated as a secured claim.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of entry of this

Order, Defendant shall file an amended proof of claim that it's claim is an unsecured, non-priority claim; and

**IT IS FURTHER ORDERED** that such other and further relief requested in the Complaint is denied without prejudice.

DATED: June 15, 2015
St. Louis, Missouri

Barry S. Schermer
United States Bankruptcy Judge

| | |
|---|---|
| Karfeld Law Firm, P.C.<br>By: /s/ Edward J. Karfeld<br>Edward J Karfeld, #19912MO<br>Zachary G. Edwards, #63798MO<br>680 Craig Road, Suite 306<br>St. Louis, MO 63141<br>Ph: 314-231-1312<br>Fax: 314-231-3867<br>ejk@karfeldlaw.com<br>**Attorney for Plaintiffs/Debtors** | SouthLaw P.C.<br>By: /s/ Ashley Osborn<br>Steven L. Crouch, (MBE #37783; EDMO #2903; KSFd #70244)<br>Daniel A. West (MBE #48812; EDMO #98415; KSFd #70587)<br>Wendee Elliot-Clement (MBE #50311; KS #20523)<br>Ashley B. Osborn (MBE #59427; KS #23272)<br>6363 College Blvd, Suite 100<br>Overland Park, KS 66211<br>**Attorney for Defendants** |

Copies to:

Tracy and Janjela Evans
906 Valley Oaks Court
Wentzville, MO 63385

Edward J. Karfeld
Karfeld Law Firm, PC
680 Craig Road, Suite 306
St. Louis, MO 63141

John V. LaBarge, Jr.
Chapter 13 Trustee
PO Box 430908
St. Louis, MO 63143

Office of the United States Trustee
111 S. 10th Street, Suite 6353
St. Louis, MO 63102

Ashley B. Osborn
SouthLaw P.C.
6363 College Blvd, Suite 100
Overland Park, KS 66211